1  **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
Todd D. Carpenter (CA 234464)
2  402 West Broadway, 29th Floor
San Diego, California 92101
3  Telephone: 619.756.6994
Facsimile: 619.756.6991
4  tcarpenter@carlsonlynch.com

5  Edwin J. Kilpela
Gary F. Lynch
6  1133 Penn Avenue
5th Floor
7  Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
8  Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com
9  glynch@carlsonlynch.com

10  *Attorneys for Plaintiff and*
*Proposed Class Counsel*

11

12

13  **IN THE UNITED STATES DISTRICT COURT**

14  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

15

16  SIOBHAN MORROW, on behalf of
herself and all others similarly situated,
17

18          Plaintiff,

19  vs.

20  PVH CORP., a Delaware corporation,
PVH RETAIL STORES, LLC, a
21  Delaware corporation, CALVIN KLEIN,
INC, a New York corporation, TOMMY
22  HILFIGER WHOLESALE, INC., a
California corporation, and DOES 1- 50,
23  inclusive,

24          Defendants.

25

26

27

28

Case No.   **'16CV348  L     RBB**

**CLASS ACTION**

**COMPLAINT**

1.  **Violation of California's Unfair
    Competition Laws ("UCL");
    California Business & Professions
    Code Sections 17200,** *et seq.*

2.  **Violation of California's False
    Advertising Laws ("FAL");
    California Business & Professions
    Code Sections 17500,** *et seq.*

3.  **Violations of California Consumer
    Legal Remedies Act ("CLRA"); Civ.
    Code § 1750,** *et seq.*

**[DEMAND FOR JURY TRIAL]**

COMPLAINT

Plaintiff SIOBHAN MORROW brings this action on behalf of herself and all others similarly situated against Defendants PVH CORP., PVH RETAIL STORES, LLC, CALVIN KLEIN, INC., and TOMMY HILFIGER WHOLESALE, INC. (collectively "Defendants"), and states:

## I. NATURE OF ACTION

1. This is a class action regarding Defendants' false and misleading advertisement of "market" prices, and corresponding phantom "savings" on clothing, clothing accessories and other fashion apparel sold in its retail "Outlet" or "Factory" stores. During the Class Period (defined below), Defendants advertised false price discounts for merchandise sold throughout their retail outlet stores.

2. During the Class Period, Defendants continually mislead consumers by advertising clothing, clothing accessories and other fashion apparel at discounted, "savings" prices. Defendants would compare the "sale" prices to false "market" prices, which were misrepresented as the "market" retail prices from which the "savings" were discounted. The advertised discounts were nothing more than mere phantom markdowns because the represented market prices were artificially inflated and were never the original prices for clothing, clothing accessories and other fashion apparel sold at Defendants' retail outlet stores. In addition, the represented "market" prices were not the prevailing marketing retail prices within three months next immediately preceding the publication of the advertised former prices, as required by California law.

3. Defendants convey their deceptive pricing scheme to consumers through promotional materials, in-store displays, and print advertisements. For example, in Defendants' retail outlets, the pricing scheme is prominently displayed, advertising deep discounts on various items throughout the store.

4. The "market price" never existed and/or did not constitute the prevailing market retail prices for such products within the three months next immediately preceding the publication of the sales tag. Defendants sell their own, exclusive branded Calvin Klein and Tommy Hilfiger products. There is no other "market price" for the products being

sold other than the price set at Defendants' retail outlet stores.  The difference between the "sale" and "regular" prices is a false savings percentage used to lure consumers into purchasing products they believe are significantly discounted.

5.     Through its false and misleading marketing, advertising and pricing scheme, Defendants violated, and continue to violate California law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, Defendants violated, and continue to violate, California's Business & Professions Code §§ 17200, *et seq* (the "UCL"), California's Business & Professions Code §§ 17500, *et seq* (the "FAL"), the California Consumers' Legal Remedies Act, California Civil Code §§ 1750, *et seq* (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements.  15 U.S.C. § 52(a).

6.     Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased one or more clothing, clothing accessories and other fashion apparel at Defendants' retail outlet stores that were deceptively represented as discounted from false former prices in order to halt the dissemination of this false, misleading, and deceptive pricing scheme, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased deceptively priced products. Plaintiff seeks restitution and other equitable remedies, including an injunction under the UCL and FAL; and restitution, damages and an injunction under the CLRA.

## II.    JURISDICTION AND VENUE

7.     This Court has original jurisdiction of this Action pursuant to the Class Action Fairness Act, 28 U.S.C §1332 (d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least some members of the proposed Class have a different citizenship from Defendants.

8.     The Southern District of California has personal jurisdiction over the

1    Defendants named in this action because Defendants are corporations or other business

2    entities conducting business in the State of California.  Defendants' either have sufficient

3    minimum contacts in California as a result of their business activities, and/or otherwise

4    intentionally avail themselves of the California market through the ownership, operation,

5    and/or control of retail stores and/or marketing, advertisement and/or sale of products

6    within the State of California.

7        9.    Venue is proper under 18 U.S.C. §1965(a) because Defendants transact

8    substantial business in this District and a substantial part of the events giving rise to

9    Plaintiff's claims arose here.

10   **III.    PARTIES**

11      **Plaintiff**

12      10.    SIOBHAN MORROW resides in San Diego, California. Plaintiff, in reliance

13   on Defendants' false and deceptive advertising, marketing and "discount" pricing

14   schemes, purchased a sweater for herself for approximately $39.75 on or around

15   November 13, 2015 at a Calvin Klein retail outlet store, located in San Ysidro, California.

16   The sweater was advertised as having an original price of approximately "$79.50".  That

17   price was discounted and represented to Plaintiff as "50% off" according to the price tag

18   and related signage.  However, this product was never offered for sale at approximately

19   $79.50 at Defendants' retail store, nor was it offered at that price within the 90 day time

20   period immediately preceding Plaintiff's purchase. Therefore, Ms. Morrow was damaged

21   by her purchase of the product.

22      11.    On the same day, Plaintiff visited a Tommy Hilfiger outlet store located in

23   San Ysidro, California, and, in reliance on Defendants' false and deceptive advertising,

24   marketing and "discount" pricing schemes, purchased a black tee shirt for approximately

25   $16.99 and a black polo shirt for approximately $29.70, totaling for both approximately

26   $50.43.  The black tee shirt was advertised as having an original price of approximately

27   "$33.99," and the black polo shirt was advertised as having an original price of

28   approximately "$59.40".  Those prices were discounted and represented to Plaintiff as

approximately "50% off" according to the price tag and related signage. However, these products were never offered for sale at approximately $33.99 or $ 59.40 at Defendants' retail store, nor were they offered at those prices within the 90 day time period immediately preceding Plaintiff's purchase. Therefore, Ms. Morrow was damaged by her purchase of the products.

**Defendants**

12.     Plaintiff is informed and believes, and upon such information and belief alleges, Defendant PVH Corp. is a Delaware corporation with its principal executive offices in New York, New York. Defendant operates Calvin Klein and Tommy Hilfiger outlet stores as well as the calvinklein.com and usa.tommy.com websites, and advertises, markets, distributes, and/or sells clothing and clothing accessories in California and throughout the United States.

13.     Plaintiff is informed and believes, and upon such information and belief alleges, Defendant PVH Retail Stores, LLC, is a Delaware corporation with is principal executive offices in New York, New York. Defendant operates Calvin Klein and Tommy Hilfiger outlet stores as well as the calvinklein.com and usa.tommy.com websites, and advertises, markets, distributes, and/or sells clothing and clothing accessories in California and throughout the United States.

14.     Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Calvin Klein, Inc. is a New York corporation with its principal executive offices in New York, New York. Defendant operates Calvin Klein outlet stores as well as the calvinklein.com website, and advertises, markets, distributes, and/or sells clothing and clothing accessories in California and throughout the United States.

15.     Plaintiff is informed and believes, and upon such information and belief alleges, Defendant Tommy Hilfiger Wholesale, Inc., is a California corporation with its principal executive offices in New York, New York. Defendant operates Tommy Hilfiger outlet stores as well as the usa.tommy.com website, and advertises, markets, distributes, and/or sells clothing and clothing accessories in California and throughout the United

States.

16.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

**IV.     FACTUAL BACKGROUND**

17.     On or around November 13, 2015, Plaintiff went shopping at the outlet mall to purchase clothing and related apparel for herself and her family.

18.     Upon examining a women's sweater at the Calvin Klein outlet store, she observed that it was advertised at 50% off. Plaintiff observed signage within the store and the price tag on the sweater which represented that the sweater was "50% off." Believing that she was receiving a significant value by purchasing the sweater for $39.75 that was originally priced at approximately $79.50, she decided to purchase the sweater and proceeded to the cash register where she did in fact purchase the sweater.

19.     Specifically, relying upon Defendants' misrepresentations and false and deceptive advertising, Plaintiff purchased the sweater for $39.75. The price tag indicated the "Original" or "Market" price of the sweater was, "$79.50," and that it was being offered at a discount, described as "50% off." The purported "market" price and corresponding price "discount" and saving were false and misleading, as the prevailing retail price for the sweater during the three months immediately prior to Plaintiff's purchase was not the $79.50 "market" price advertised by Defendants.

20.     Upon examining a black tee shirt and a black polo shirt at the Tommy Hilfiger outlet store, Plaintiff observed that both were advertised at approximately 50% off. Plaintiff observed signage within the store and the price tag on both items, which

represented that the shirts were approximately "50% off." Believing that she was receiving a significant value by purchasing the black tee shirt for $16.99 when it originally was priced at approximately $33.99, and by purchasing the black polo shirt for $29.70 when it originally was priced at approximately $59.40, she decided to purchase the shirts and proceeded to the cash register where she did in fact purchase the shirts.

21.    Specifically, relying upon Defendants' misrepresentations and false and deceptive advertising, Plaintiff purchased both shirts for a total of $50.43. The price tags indicated the "Original" or "Market" price of the black tee shirt was approximately "$33.99" and that the "Original" or "Market" price of the black polo shirt was approximately "$59.40," and that both were being offered at a discount of approximately "50% off." These purported "market" prices and corresponding price "discounts" and savings were false and misleading, as the prevailing retail price for the shirts during the three months immediately prior to Plaintiff's purchase were not the $33.99, or $59.40, "market" price advertised by Defendants.

22.    Plaintiff would not have purchased the sweater or the shirts without the misrepresentations made by Defendants. As a result, Plaintiff has been personally victimized by and suffered economic injury as a direct result of Defendants' unlawful, unfair and fraudulent conduct.

23.    Defendants know that their comparative price advertising is false, deceptive, misleading and unlawful under California law.

24.    Defendants fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the proposed class the truth about the advertised price and former prices.

25.    At all relevant times, Defendants have been under a duty to Plaintiff and the proposed class to disclose the truth about the false discounts.

26.    Plaintiff relied upon Defendants' artificially inflated "market" price and false discounts when purchasing her sweater and shirts at Defendants' retail stores.  Plaintiff would not have made such purchases but for Defendants' representations of fabricated

original "market" prices and false discounts.

27.    Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendants advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was.  Plaintiff, like other class members, was lured in, relied on, and damaged by these pricing schemes that Defendants carried out.

28.    Defendants intentionally concealed and failed to disclose material facts regarding the truth about false former price advertising in order to provoke Plaintiff and the proposed class to purchase Calvin Klein and Tommy Hilfiger branded products in their retail outlet stores and/or on their Internet websites.

## V.    CLASS ALLEGATIONS

29.    Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of California state laws:

> All individuals in the State of California who, within the applicable statute of limitations preceding the filing of this action, purchased purportedly discounted clothing, clothing accessories and/or other fashion apparel at one of Defendants' outlet or factory stores.

Excluded from the Class are Defendants, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendants.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

30.    ***Numerosity***: The class members are so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes that the proposed Class contains

hundreds of thousands of individuals who have been damaged by Defendants' conduct as alleged herein.  The precise number of Class members is unknown to Plaintiff.

31.   ***Existence and Predominance of Common Questions of Law and Fact***: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

a.   Whether, during the Class Period, Defendants' used false "market" or "original" price labels and falsely advertised price discounts on their Calvin Klein and Tommy Hilfiger branded products sold in their retail outlet stores;

b.   Whether, during the Class Period, the "original" or "market" prices advertised by Defendants were the prevailing market prices for the respective Calvin Klein and Tommy Hilfiger branded products during the three months period preceding the dissemination and/or publication of the advertised former prices;

c.   Whether Defendants' alleged conduct constitutes violations of the laws asserted;

d.   Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;

e.   Whether Defendants engaged in false or misleading advertising;

f.   Whether Plaintiff and Class members are entitled to damages and/or restitution and the proper measure of that loss; and

g.   Whether an injunction is necessary to prevent Defendants from continuing to use false, misleading or illegal price comparisons.

32.   ***Typicality***:  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been deceived (or were likely to be deceived) by Defendants' false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of herself and all

members of the class.

33.   *Adequacy*:  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no antagonistic or adverse interest to those of the Class.

34.   *Superiority*: The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the class for the wrongs alleged.  The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent the class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendants will be permitted to retain the proceeds of their fraudulent and deceptive misdeeds.

35.   All Class members, including Plaintiff, were exposed to one or more of Defendants' misrepresentations or omissions of material fact claiming that former "original" advertised prices were in existence.  Due to the scope and extent of Defendants' consistent false "discount" price advertising scheme, disseminated in a years-long campaign to California consumers via a number of different platforms – in-store displays, print advertisements, etc. – it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including, Plaintiff, affirmatively acted in response to the representations contained in Defendants' false advertising scheme when purchasing Calvin Klein and Tommy Hilfiger branded merchandise at the Calvin Klein and Tommy Hilfiger outlet stores.

36.   Defendants keep extensive computerized records of its customers through,

*inter alia*, customer loyalty programs, co-branded credit cards and general marketing programs. Defendants have one or more databases through which a significant majority of Class members may be identified and ascertained, and they maintain contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation Unfair Competition Law
Business and Professions Code § 17200 et seq.**

37.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

38.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. Prof. Code § 17200.

39.     The UCL imposes strict liability.  Plaintiff need not prove that Defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

40.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

41.     Defendants' actions constitute "unfair" business acts or practices because, as alleged above, Defendants engaged in misleading and deceptive price comparison advertising that represented false "regular" prices and "discount" prices that were nothing more than fabricated "regular" prices leading to phantom markdowns.  Defendants' acts and practices offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

42.     The harm to Plaintiff and Class members outweighs the utility of Defendants' practices. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the misleading and deceptive conduct described herein.

43.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

44.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

45.     Defendants' acts and practices alleged above have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Plaintiff relied on Defendants' fraudulent and deceptive representations regarding its "market" prices, the corresponding discounts for the Calvin Klein and Tommy Hilfiger branded products which Defendants sell at their retail outlet stores and on their websites. These misrepresentations played a substantial role in Plaintiff's decision and that of the proposed class to purchase the products at steep discounts, and Plaintiff would not have purchased her sweater and shirts without Defendants' misrepresentations.

46.     The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and prohibits the dissemination of any false advertisements.  15 U.S.C. § 52(a).  Under the FTC false former pricing schemes, similar to the ones implemented by Defendants, are described as deceptive practices that would violate the FTCA:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article.  If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but

fictitious – for example, where an article price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.  The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

47.   California law also expressly prohibits false former pricing schemes.  Cal. Bus. & Prof. Code §17501, entitled "*Value determinations; Former price advertisement,*" States:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> **No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

48.   As detailed in Plaintiff's Third Cause of Action below, Cal. Civ. Code § 1770(a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price

reductions."

49.     Defendants' practices, as set forth above, have mislead Plaintiff, the proposed class, and the general public in the past and will continue to misled in the future. Consequently, Defendants' practices constitute an unlawful an unfair business practice in within the meaning of the UCL.

50.     Defendants' violation of the UCL through their unlawful, unfair and fraudulent business practices are ongoing and present a continuing threat that members of the public will be deceived into purchasing products based on price comparisons of arbitrary and inflated "regular" prices to "sale" prices that created merely phantom markdowns and lead to financial damage for consumers, like Plaintiff and the proposed Class

51.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendants' revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
**Violation of the California False Advertising Law,**
**California Business & Professions Code § 17500, *et seq.***

52.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

53.     Cal. Bus. & Prof. Code § 17500 provides that "[i]t is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is <u>untrue</u> or <u>misleading</u>, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…" [Emphasis added].

54.     The "intent" required by Cal. Bus. & Prof. Code § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

55.     Similarly, this section provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former prices was the prevailing market price…within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

56.     Defendants' routine of advertising discounted prices from false "market" prices associated with their Calvin Klein and Tommy Hilfiger branded outlet store products which were never the true prevailing "market" prices of those products and were materially greater than the true prevailing prices was an unfair, untrue and misleading practice.  This deceptive marketing practice gave consumers the false impression that the products were regularly sold on the market for a substantially higher price than they actually were. Therefore, leading to the false impression that the Calvin Klein and Tommy Hilfiger branded products were worth more than they actually were.

57.     Defendants misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

58.     As a direct and proximate result of Defendants' misleading and false advertisements, Plaintiff and Class members have suffered injury in fact and have lost money.  As such, Plaintiff requests that this Court order Defendants to restore this money to Plaintiff and all Class members, and to enjoin Defendants from continuing these unfair practices in violation of the UCL in the future.  Otherwise, Plaintiff, Class members and the broader general public will be irreparably harmed and/or denied an effective and complete remedy.

### THIRD CAUSE OF ACTION
**Violation of the Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq*.**

59.     Plaintiff repeats and re-alleges the allegations contained in every preceding

---
14

paragraph as if fully set forth herein.

60.    This cause of action is brought pursuant to the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, et seq. and similar laws in other states. Plaintiff and each member of the proposed class are "consumers" as defined by California Civil Code § 1761(d). Defendants' sale of the Calvin Klein and Tommy Hilfiger branded products at its factory outlet stores and online to Plaintiff and the Class were "transactions" within the meaning of California Civil Code § 1761(e).  The products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code § 1761(a).

61.    Defendants violated and continue to violate the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of name branded products:

**a.** Advertising goods or services with intent not to sell them as advertised;

**b.** Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

62.    Pursuant to § 1782(a) of the CLRA, on February 10, 2016, Plaintiff's counsel notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that it rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to act.   If Defendants fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice, as proscribed by § 1782, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages, as appropriate against Defendants. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

**PRAYER FOR RELIEF**

63.    Wherefore, Plaintiff, on behalf of herself and on behalf of the other members of the Class, requests that this Court award relief against Defendants. as follows:

   **a.**    An order certifying the class and designating SIOBHAN MORROW as the Class Representative and her counsel as Class Counsel;

   **b.**    Awarding Plaintiff and the proposed Class members damages;

   **c.**    Awarding restitution and disgorgement of all profits and unjust enrichment that Defendants' obtained from Plaintiff and the Class members as a result of its unlawful, unfair and fraudulent business practices described herein;

   **d.**    Awarding declaratory and injunctive relief as permitted by law or equity, including:  enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with Court supervision, victims of their misconduct and pay them all money they are required to pay;

   **e.**    Order Defendants to engage in a corrective advertising campaign;

   **f.**    Awarding attorneys' fees and costs; and

   **g.**    For such other and further relief as the Court may deem necessary or appropriate.

**VIII.  DEMAND FOR JURY TRIAL**

64.    Plaintiff hereby demands a jury trial for all of the claims so triable.

1  Dated: February 10, 2016

**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 347-3517
Facsimile: (619) 756-6990
tcarpenter@carlsonlynch.com

Edwin J. Kilpela
Gary F. Lynch
1133 Penn Avenue
5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@carlsonlynch.com
glynch@carlsonlynch.com

*Attorneys for Plaintiff*

COMPLAINT